WORMALD U.S., INC. *v.*
CEDAR CHEMICAL CORPORATION

92-1423                                    873 S.W.2d 152

Supreme Court of Arkansas
Opinion delivered March 22, 1994

*Chisenhall, Nestrud, & Julian, P.A.*, by: *Charles R. Nestrud, Jim L. Julian* and *Ann P. Faitz* and *Schieffler Law Firm*, by: *Daniel Schieffler*, for appellant.

*Apperson, Crump, Duzane & Maxwell*, by: *Allen T. Malone* and *David Solomon*, for appellee.

RANDY F. PHILHOURS, Special Justice. This case involves a suit brought pursuant to the provisions of the Arkansas Remedial Action Trust Fund Act (RATFA). Appellant, Wormald U.S., Inc.

(Wormald), attempts to appeal from a partial summary judgment granted in favor of Cedar Chemical Corporation (Cedar). We dismiss the appeal.

Cedar brought suit against Wormald for recovery of costs incurred by Cedar in cleaning up contamination on Cedar's property in compliance with a Consent Administrative Order of the Arkansas Department of Pollution Control and Ecology. The suit was brought pursuant to the provisions of RATFA. Ark. Code Ann. §§ 8-7-501 — 522 (Repl. 1993).

After the issues were joined, Cedar filed a motion for partial summary judgment. In its motion, Cedar argued that Wormald, as successor in interest to the entity which allegedly caused the contamination of the property in question, be declared a responsible party for the costs associated with implementing the Consent Administrative Order of the Arkansas Department of Pollution Control and Ecology. Wormald then filed its third party complaint against Helena Chemical Company and unspecified John Doe defendants.

The chancellor heard oral arguments on Cedar's motion and ruled that Cedar was entitled, as a matter of law, to a judgment against Wormald in the sum of $1,722,086.78. That decision reflected the total cost incurred by Cedar under the Consent Administrative Order. The judgment additionally states: "The Court also hereby determines that there is no reason for delay, and that entry of said judgment is hereby directed pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure." The Order admittedly did not address all of Cedar's claims in the suit. It also did not address any issues which involve the third party complaint filed by Wormald. No supporting factual findings, as required by Rule 54(b), accompanied the trial court's determination.

An order dismissing one party from a multi-party or multi-claim lawsuit usually is not an appealable order. *Davis* v. *Wausau Ins. Cos.*, 315 Ark. 330, 867 S.W.2d 444 (1993); *Arkansas Dep't of Human Servs.* v. *Farris*, 309 Ark. 575, 832 S.W.2d 482 (1992). The same can be said for an order granting a motion to dismiss one claim of a multi-party, multi-claim lawsuit. An appeal from such an order, however, is permissible under Rule 54(b)

when the trial court directs the entry of a final judgment as to one or more of the claims or parties and makes express findings that there is no just reason to delay the appeal. *Davis*, 315 Ark. at 332, 867 S.W.2d at 445; *Wallner* v. *McDonald*, 308 Ark. 590, 825 S.W.2d 265 (1992). In order to determine that there is no just reason for delay, the trial court must find that a likelihood of hardship or injustice will occur unless there is an immediate appeal. The trial court must also set forth facts to support its conclusion. *Davis*, 315 Ark. at 332, 867 S.W.2d at 445; *Barr* v. *Richardson*, 314 Ark. 294, 862 S.W.2d 253 (1993); *Wallner*, 308 Ark. at 592, 825 S.W.2d at 267; *Franklin* v. *Osca, Inc.*, 308 Ark. 409, 825 S.W.2d 812 (1992). In this case the record does not reflect the factual underpinnings supporting a Rule 54(b) certification. Even if the factual underpinnings existed, however, that is not enough. These facts must be set out in the trial court's order. *Davis*, 315 Ark. at 331, 867 S.W.2d at 445.

■ The judgment granting the partial summary judgment does not include specific findings of any danger of hardship or injustice which could be alleviated by an immediate appeal. In addition, the judgment does not detail facts which establish that such a hardship or injustice is likely. Due to the failure to comply with Rule 54(b), we dismiss this appeal without prejudice to refile it at a later date.

Appeal dismissed.

Special Justice RALPH HAMNER joins.

HAYS and CORBIN, JJ., not participating.