Robert CORTESE *v.* ATLANTIC RICHFIELD, et al.

93-981                                           876 S.W.2d 581

Supreme Court of Arkansas
Opinion delivered May 31, 1994

*Hicks Law Firm*, and *Edward O. Moody, P.A.*, for appellant.

*Wright, Lindsey & Jennings*, by: *N.M. Norton, Jr., Edwin L. Lowther, Jr.* and *Charles L. Schlumberger*, for appellee AT&T, Okonite and Square D.

*Meeks & Carter, P.A.*, by: *William Russell Meeks, III*, for appellee Westinghouse Electric.

*Bridges, Young, Matthews & Drake*, by: *Michael J. Dennis* and *Stephen A. Matthews*, for appellee Atlantic Richfield, Anaconda C. and Graybar Electric.

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Floyd M. Thomas, Jr.*, for appellee Phelps Dodge Corp.

*McGlinchey, Stafford, Lang*, by: *Carolyn B. Witherspoon*, for appellee Keathley-Patterson.

*Mitchell, Williams, Selig, Gates & Woodyard*, by: *Marcella J. Taylor*, for appellee USX Corporation.

*Friday, Eldredge & Clark*, by: *Frederick S. Ursery*, for appellee Carol Wire & Cable.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *Tim A. Cheatham*, for appellee American Insulated Wire.

■ DONALD L. CORBIN, Justice. Appellant, Robert Cortese, appeals an order of the Saline Circuit Court granting summary judgment in this asbestos products liability case. The summary judgment was granted on the basis that the three-year statute of limitations had expired when appellant filed his complaint. The order appealed to this court granted summary judgment to less than all the defendants without making an express determination there was no just reason for delay and directing the entry of a final judgment. Consequently, the order is not a final order according to ARCP Rule 54(b) and we must dismiss the appeal. Compliance with Rule 54(b) is a jurisdictional requirement this court is obliged to raise on its own even though the parties do not. *Parks* v. *Hillhaven Nursing Home*, 309 Ark. 106, 827 S.W.2d 148 (1992).

Appellant filed suit against approximately thirty-four defendants, all of whom appear to be electrical companies or wire and cable companies. Some of the defendant companies appear to be affiliated with other defendant companies. The order appealed to this court granted summary judgment to some fourteen of these defendants. Neither the abstract, the transcript, nor the supplements thereto reflect that the trial court took any action with respect to the remaining twenty defendants. Thus, we are unable to determine that appellant's claims against the remaining twenty defendants have been finally determined or disposed of, and the order is therefore not a final judgment in compliance with Rule 54(b). *See Reynolds* v. *Watts*, 315 Ark. 226, 864 S.W.2d 870 (1993).

■ ARCP Rule 54(b) provides that a trial court may

direct a final judgment as to fewer than all the parties or claims, "only upon an express determination, supported by specific factual findings, that there is not just reason for delay." *Barnhart* v. *City of Fayetteville*, 316 Ark. 742, 875 S.W.2d 79 (1994); *Franklin* v. *Osca*, 308 Ark. 409, 825 S.W.2d 812 (1992); *Austin* v. *First Nat'l Bank*, 305 Ark. 456, 808 S.W.2d 773 (1991). There has been no such determination in this case.

■ The fundamental policy of Rule 54(b) is to avoid piecemeal appeals. *Franklin*, 308 Ark. 409, 825 S.W.2d 812. Absent the requisite facts, findings, and certification by the trial court, we will not engage in a review of appellant's claims against the appellees participating in this appeal when additional review of appellant's claims against the remaining twenty defendants could possibly be required in the future.

■ We cannot, despite arguments to the contrary, simply rely on an attorney's or attorneys' recollections of what occurred in the proceedings below. Even when all counsel participating in an appeal agree as to what occurred below, that does nothing to resolve the claims against the unrepresented parties. Those parties are not privy to the agreement of the participating counsel. Thus, it is appellant's burden to produce a record on appeal showing the jurisdictional requirements of ARCP Rule 54(b) have been met. No such record or supplemental record exists in this case and we must dismiss the appeal without prejudice.