GENERAL MOTORS ACCEPTANCE CORP., *Appellant*
*v.* Gerald D. EUBANKS d/b/a Used Cars &
Gerald Eubanks, *Appellee*
*v.* Ryan Chevrolet & Imports, Inc., *Appellant*

94-371                                                887 S.W.2d 292

Supreme Court of Arkansas
Opinion delivered November 14, 1994
[Rehearing denied December 19, 1994.*]

*Brown, J., would grant rehearing.

642

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *Joseph F. Kolb*, for appellant General Motors Acceptance Corporation.

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Cathleen V. Compton*, for appellant Ryan Chevrolet & Imports, Inc.

*John Richard Byrd, Sr.*, for appellee.

TOM GLAZE, Justice. On March 18, 1991, appellee/defendant and third-party plaintiff Gerald Eubanks negotiated the purchase of a 1991 Chevrolet pickup truck by telephone from his office in Hamburg. Upon reaching an agreement, Eubanks and Kenneth Phillips, Eubanks' employee and friend, traveled to appellant/third-party defendant Ryan Chevrolet & Imports, Inc., located in Monroe, Louisiana. Eubanks and Ryan Chevrolet's finance manager, Douglas Glaze, met to work out a financing agreement. The terms and surrounding circumstances of that agreement are in dispute. Eubanks contends he signed the financing agreement in blank expecting the agreement to eventually contain those terms to which he agreed. It was stipulated at trial that the finance manager, who was unavailable, would testify that Eubanks did not sign the document in blank.

Thereafter, Eubanks could not register or obtain an Arkansas license for the vehicle because paperwork was not properly completed and the sales tax was not paid. After making twenty-one

monthly payments on the truck, Eubanks stopped payment. Appellant/plaintiff General Motors Acceptance Corporation (GMAC), having purchased the security note from Ryan Chevrolet, then filed a replevin suit against Eubanks. Eubanks filed a counterclaim, alleging breach of contract, abuse of process, and requested damages for loss of income, rental payments for a replacement truck, and attorneys' fees.

GMAC requested a hearing, and an order of immediate delivery. By order entered July 12, the trial court denied GMAC's request and ordered GMAC to pay the sales tax, and accrued interest and penalties into the registry of the court. Additionally, the court ordered Eubanks to pay his monthly payments under the note into the registry of the court, and ordered that the truck be held and not used until a trial on the merits.

On June 18, 1993, Eubanks filed a third-party complaint against Ryan Chevrolet, which received it on June 24. Ryan Chevrolet filed its answer on July 22. Trial was scheduled to begin on August 20 by order of the court entered June 29. On August 5, Eubanks filed a motion to shorten discovery specifically as to Ryan Chevrolet. On August 10, Ryan Chevrolet filed a motion for continuance. On August 13, Ryan Chevrolet filed a motion for continuance or alternately to sever the third-party complaint. Ryan Chevrolet renewed its motion on the day of trial. The motion was denied.

Following trial and submission of the case on interrogatories entered on August 23, the jury found (1) there was an oral agreement between Eubanks and Ryan Chevrolet, (2) Ryan Chevrolet breached the oral contract, and (3) GMAC had engaged in abuse of process. The jury assessed $11,000 in compensatory damages against Ryan Chevrolet due to the breach, and $5500 in punitive damages against GMAC for abuse of process.

Following trial, a number of motions and orders were entered. For a better understanding of the events leading up to the present appeals, the post-trial procedures pertaining to GMAC and Ryan Chevrolet are discussed separately.

## GMAC

After the August 23, 1993 jury verdict, on September 2, 1993, GMAC filed a motion for JNOV. Eubanks filed a motion

for judgment on the verdict as to both GMAC and Ryan Chevrolet on September 3. In that same motion, Eubanks alleged it was the intent of the jury that he have possession of the truck free and clear of any liens. Following a hearing on these motions on September 7, 1993, the trial court entered an order on September 9, denying GMAC's motion for JNOV. The court denied Eubanks' motion on the judgment as to GMAC, but granted Eubanks' oral motion for a new trial as to GMAC. The trial court further stated that Ryan Chevrolet had filed no post-trial motions or made any post-trial appearances. The court scheduled the retrial for October 25. On September 17, a consent order between GMAC and Eubanks was entered wherein the parties agreed that (1) the paperwork on the pickup truck would be delivered to Eubanks by GMAC in order to expedite the registration and licensure of the truck, (2) the sum of $875.35 deposited with the court by GMAC was to be released to Eubanks (the difference between the written agreement and oral agreement), with Eubanks paying the difference to obtain registration and licensure of the truck, (3) Eubanks would continue to pay monthly installments under the security note into the court registry, (4) Eubanks would not be restricted from any rights or remedies available to him by registering and licensing the truck, (5) delivery of the documents necessary for registering and licensing the truck to Eubanks is not an admission of any wrongful act by GMAC, and (6) the trial court would entertain additional motions for protective orders, motions in limine, and motions for partial summary judgments based upon res judicata or collateral estoppel.

On October 1, 1993, Eubanks filed a motion for partial summary judgment stating, the September 9 order, entering judgment in favor of Eubanks and against Ryan Chevrolet, rendered all issues as to the terms of the financing agreement res judicata, and that GMAC is collaterally estopped from raising on retrial issues as to the times and provisions of the contract between Eubanks and Ryan Chevrolet. The trial court never entered an order on Eubanks' partial summary judgment motion.

On or about October 7, 1993,[1] GMAC filed its notice of appeal from the September 9 order granting Eubanks' motion for

---

[1]This notice of appeal is not file marked by the clerk of the court, thus, actual date of entry is unknown.

new trial and denying GMAC's motion JNOV. On October 7, GMAC also filed a motion for stay of trial court proceedings, including the retrial scheduled for October 25. On October 11, the trial court granted GMAC's motion to stay the proceedings "pending the entry of a final opinion by the appellate court."

## RYAN CHEVROLET

On September 8, 1993, Ryan filed a motion for JNOV or a new trial. As noted above, Eubanks, on September 3, had already filed a motion for judgment on the verdict as to both GMAC and Ryan Chevrolet. In its September 9 order discussed above, the trial court granted Eubanks' motion for judgment on the verdict as to Ryan Chevrolet, but did not address Ryan's motion for JNOV or a new trial. In fact, the trial court's order decided on September 7, but filed on September 9, found that Ryan Chevrolet had made no post-trial motions or appearances. Again, Ryan Chevrolet filed its new trial motion on September 8, 1993.[2] On September 10, Ryan Chevrolet filed an ex parte motion for stay to enforce judgment until a hearing on its motion for new trial.

A hearing on Ryan Chevrolet's motion for JNOV or a new trial was held on September 24. However, the trial court's order denying Ryan Chevrolet's motion was not entered until October 11, 1993. That order denying the motion of Ryan Chevrolet for JNOV or new trial, certified the matter as a final order. On October 14, Ryan Chevrolet filed its notice of appeal. In that notice, Ryan Chevrolet stated its appeal is from the September 9 order denying GMAC's motion for JNOV and granting Eubanks' motion for a new trial, and "all intermediate Orders involving the merits of this case."

On appeal, GMAC and Ryan Chevrolet argue a total of nine points which we are unable to consider because there is no appealable order. To be appealable, an order must be final. *Cortese* v. *Atlantic Richfield*, 317 Ark. 207, 876 S.W.2d 581 (1994). To be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *John Cheeseman Trucking, Inc.*

---

[2]It is noted that Ryan Chevrolet had substituted counsel during this period, and new counsel did not make an appearance until September 16, 1993.

v. *Dougan*, 305 Ark. 49, 805 S.W.2d 69 (1991). Pursuant to Ark. R. App. P. 2(a)(3), a party may appeal from an order which grants or refuses a new trial. However, when the cause of action involves multiple parties and multiple claims, the finality of the trial court's judgment is determined by Ark. R. Civ. P. 54(b). The fundamental policy of Rule 54(b) is to avoid piecemeal appeals, and the burden is on the appellants to produce a record on appeal showing that the jurisdictional requirements of the rule have been met. *Cortese* v. *Atlantic Richfield*, 317 Ark. 207, 876 S.W.2d 581 (1994).

■■ An order of dismissal of one party or one claim from a multi-party, multi-claim lawsuit may be granted when the trial court directs the entry of a final judgment as to one or more of the claims or parties and makes express findings that there is no just reason to delay the appeal. *Wormald U.S., Inc.* v. *Cedar Chemical Corporation*, 316 Ark. 434, 873 S.W.2d 152 (1994). In order to determine that there is no just reason for delay, the trial court must find that a likelihood of hardship or injustice will occur unless there is an immediate appeal. *Id.* The trial court must also set forth facts to support its conclusions. *Id.*

In this case, neither GMAC nor Ryan Chevrolet has presented this court with an appealable order. While both appeals purport to emanate from the September 9 order, actions and inactions by Eubanks, GMAC and Ryan Chevrolet in the court below continued the litigation and rendered that order non-appealable.

■■ First, we review the actions by GMAC. Following the September 9 order in which the court granted Eubanks' motion for a new trial as to GMAC, GMAC and Eubanks joined in a consent order dated September 17 which the court approved and duly entered. That consent order contains the following language:

> The Court will entertain any Motions for Partial Summary Judgment based upon the doctrine of res judicata or collateral estoppel prior to the trial of this matter.

By this action, the trial court continued its jurisdiction of the case for further proceedings, and Eubanks filed a motion for partial summary judgment as provided for in the consent order. While Eubanks' motion was pending, GMAC filed its notice of appeal from the September 9 order. In other words, GMAC

appealed prior to the trial court's having resolved the partial summary judgment issue. Because Eubanks' claim for relief against GMAC is still pending before the trial court, we must dismiss GMAC's appeal.

■ Lastly, we review Ryan Chevrolet's appeal which presents its own jurisdictional problem. Following entry of the jury's verdict on August 23, 1993, Ryan filed its motions for JNOV or new trial on September 8. That motion asserted several grounds for new trial and urged that Eubanks was not entitled to damages from Ryan Chevrolet nothwithstanding the jury's verdict. The trial court denied Ryan Chevrolet's motion on September 24, 1993, but did not enter its order doing so until October 11, 1993. In *Standridge* v. *Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989), this court, in construing A. R. Civ. P. Rules 54(b) and 58, has held that a judgment or decree may not be effective until it has been "entered." *See also* Administrative Order No. 2. In addition, this court, in construing Ark. R. App. P. 4(c), has said that, if the trial court neither grants nor denies a party's new trial motion within thirty days of its filing, the motion will be denied as of the thirtieth day.

■ In the present case, Ryan Chevrolet's motion was deemed denied on October 4, 1993. Thus, while Ryan Chevrolet filed a timely notice of appeal on October 14, 1993, a proper order complying with the requirements in A. R. Civ. P. 54(b) was never entered. As discussed previously, this litigation involves multiple claims and parties, and the trial court could have directed the entry of a final judgment as to one or more, but fewer than all of the claims or parties *only* upon an express determination, supported by specific factual findings, that there is no just reason for delay. The trial court failed to enter such an order. Even if the trial court had had the jurisdiction to enter the October 11 order it did in this matter, that order recited no factual underpinnings making that a final, appealable order.

For the reasons above, we must dismiss both GMAC's and Ryan Chevrolet's appeals without prejudice.