Danny REEVES, Individually and d/b/a Reeves Body Shop
*v.* Michael HINKLE, Individually
and d/b/a Hinkle Auto & ATV Sales

94-869                                                          899 S.W.2d 841

Supreme Court of Arkansas
Opinion delivered June 12, 1995
[Rehearing denied July 17, 1995.*]

*Brown and Roaf, JJ., would grant.

*W. Frank Morledge, P.A.*, for appellant.

*Daggett, Van Dover & Donovan*, by: *Robert J. Donovan*, for appellee.

ROBERT H. DUDLEY, Justice. Plaintiff Hinkle filed a breach of warranty suit against defendant Crossland. Defendant Crossland answered and filed a third-party complaint against third-party defendant Reeves. Crossland, in his third-party complaint, alleged that he purchased the automobiles from third-party defendant Reeves, and if there were a breach of warranty, he was entitled to indemnity from Reeves.

Plaintiff Hinkle then filed a complaint for breach of warranty directly against third-party defendant Reeves. Service of process was perfected, but Reeves failed to answer. Even though in default, Reeves filed a motion for summary judgment. Plaintiff Hinkle filed a motion for default judgment against Reeves.

The trial court denied Reeves's motion for summary judgment and granted plaintiff Hinkle's motion for a default judgment.

Plaintiff Hinkle filed a motion for summary judgment against Reeves on the issue of damages. The trial court granted the motion and entered judgment in the amount of $16,800 plus interest. Plaintiff's claim against Crossland remains outstanding, and Crossland's claim for indemnity from third-party defendant Reeves remains unresolved. Reeves seeks to appeal. We dismiss the appeal.

The trial court entered a final judgment as to the claim between Hinkle and Reeves under authority of ARCP Rule 54(b). The abstract reflects only that the trial court's order "set forth specific factual findings that supported a conclusion that there existed the possible danger of hardship or injustice to appellant which would be alleviated by immediate appeal."

■■ We have often written that Rule 54(b) is a jurisdictional matter which this court must raise on its own. *See, e.g., Cortese* v. *Atlantic Richfield*, 317 Ark. 207, 876 S.W.2d 581 (1994). In order for us to determine whether a hardship will result if an appeal is not permitted, the trial court must make a finding that a likelihood of hardship or injustice will occur unless there is an immediate appeal and must set out the facts that support the conclusion in its order. *Davis* v. *Wausau Ins. Cos.*, 315 Ark. 330, 332, 867 S.W.2d 444, 446 (1993).

In *Franklin* v. *Osca, Inc.*, 308 Ark. 409, 825 S.W.2d 812 (1992), we said that under Rule 54(b) the trial court "must factually set forth reasons in the final judgment, order, or the record, *which can then be abstracted*, explaining why a hardship or injustice would result if an appeal is not permitted." *Id.* at 412, 825 S.W.2d at 814 (emphasis added).

■ The abstract in this case states only that the order "set forth specific factual findings that supported a conclusion that there existed the possible danger of hardship or injustice to appellant which would be alleviated by immediate appeal." The reasons supporting the conclusion are not abridged or abstracted. The result is that we cannot review the factual findings underlying the jurisdictional issue because, as we have often explained, there is only one record and there are seven members of this court. The seven of us will not attempt to use one record. Since

we do not know the facts underlying the Rule 54(b) certification, we dismiss the appeal.

It has long been our policy to look with disfavor upon intermediate appeals since they tend to favor parties with the resources to file multiple appeals and tend to require extra appellate judicial resources. As a consequence, it is our intention to allow intermediate appeals only when we are satisfied that there are exceptional circumstances and that a compelling and discernible hardship will be alleviated by allowing such an appeal. The only way we can make certain that intermediate appeals are justified is to require an abstract of the reasons an appeal was granted under ARCP Rule 54(b).

When one looks at the facts of this case there does not appear to be a good reason for allowing an intermediate appeal. The abstract only informs us that the trial judge ruled that an appeal should be allowed to prevent a "possible danger of hardship or injustice," and this is not a sufficient reason for an intermediate appeal. *See Davis*, 315 Ark. at 332, 867 S.W.2d at 446.

Thus, we dismiss the intermediate appeal and remand the case to the trial court to decide the rest of the case. Upon entry of a final order we will take jurisdiction of the appeal.

Appeal dismissed.