# Phil STRATTON *v.* ARKANSAS STATE HIGHWAY COMMISSION

96-58 917 S.W.2d 538

Supreme Court of Arkansas
Opinion delivered March 18, 1996

Appellant, *pro se.*

*Robert L. Wilson*, Chief Counsel, and *William L. Wharton*, Staff Att'y, for appellee.

DONALD L. CORBIN, Justice. Appellant, Phil Stratton, appeals the amended order of the Faulkner County Circuit Court, filed on November 15, 1995, granting the motion to dismiss of appellee, Arkansas State Highway Commission, for the reason that appellant's suit against a constitutional agency of the State of Arkansas is an impermissible suit against the State. Appellant, who is an attorney, commenced this action against a former client, Harve Newton, and appellee. Appellant seeks judgment for his contingency fee for legal services rendered to Mr. Newton in a separate action that was instituted by Mr. Newton against appellee and was settled by appellee's cash payment directly to Mr. Newton. Appellant's claim against Mr. Newton, now deceased, was revived in the name of the special administrator and remains outstanding. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(1). We do not reach the merits of this appeal because the judgment of the trial court does not comply with Ark. R. Civ. P. 54(b).

■■ Although the parties do not raise this issue, compliance with Rule 54(b) is a jurisdictional matter which this court is required to raise *sua sponte. Reeves* v. *Hinkle*, 321 Ark. 28, 899 S.W.2d 841 (1995). Rule 54(b) provides that, when multiple claims or multiple parties are involved, the trial court may direct the entry of a final judgment as to one or more, but fewer than all of the claims or parties "only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment." Rule 54(b) provides that, in the absence of such determination and direction, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or the parties.

Here, the trial court entered judgment for appellee only. The trial court's order, as abstracted, reads as follows:

## 9.
## AMENDED ORDER OF DISMISSAL

On November 15, 1995 the court below entered its amended order of dismissal pursuant to Rule 54 (b) Arkansas Rules of Civil Procedure dismissing appellee as a party defendant for the reason appellant's suit as to appellee was an impermissible suit against the state.

 Plainly, the order fails to set forth the requisite express determination, supported by specific factual findings, that there is no just reason to delay the entry of a final judgment. We have previously held that, where no such determination is made, we will dismiss the appeal for noncompliance with Rule 54(b). *Barnhart* v. *City of Fayetteville*, 316 Ark. 742, 875 S.W.2d 79 (1994). We have repeatedly held that, where the abstracted order fails to set forth specific factual findings supporting the trial court's judgment, we will dismiss the appeal for noncompliance with Rule 54(b). *E.g., Reeves*, 321 Ark. 28, 899 S.W.2d 841; *Wormald U.S., Inc.* v. *Cedar Chemical Corp.*, 316 Ark. 434, 873 S.W.2d 152 (1994); *Davis* v. *Wausau Ins. Co.*, 315 Ark. 330, 867 S.W.2d 444 (1993); *Franklin* v. *Osca, Inc.*, 308 Ark. 409, 825 S.W.2d 812 (1992). We must rely upon the abstracted order because, "as we have often explained, there is only one record and there are seven members of this court. The seven of us will not attempt to use one record." *Reeves*, 321 Ark. at 30, 899 S.W.2d at 842.

 Thus, we dismiss the appeal without prejudice to refile it at a later date, and remand the case to the trial court for further proceedings. *Reeves*, 321 Ark. 28, 899 S.W.2d 841; *Barnhart*, 316 Ark. 742, 875 S.W.2d 79.

Appeal dismissed.