Michael DEAN *v.* The Honorable Dick TALLMAN, County Judge of Sevier County, Arkansas; Quorum Court Members, Dale Kesner, Rose Pulliam, Minor L. Millwee, Sybil Melancon, Gene Cobb, Maudeen Brinkley, Michael Archer, Ronnie Turner, LaVerne Corbell; County Treasurer, Irma L. Walters; Phillip Cox, Mayor of DeQueen; Borden Neal, Mayor of Horatio; Don Smith, Mayor of Gillham; Loyd Montgomery, Mayor of Lockesburg; Gary Moore, Mayor of Ben Lomond; and State of Arkansas

97-72                                                    959 S.W.2d 41

Supreme Court of Arkansas
Opinion delivered January 15, 1998

*Nichols, Wolff, Ledbetter & Campbell,* by: *H. Gregory Campbell* and *Mark W. Nichols,* for appellants.

*Friday, Eldredge & Clark,* by: *Elizabeth Robben Murray* and *R. Christopher Lawson,* for appellees Tallman, Kesner, Pulliam, Millwee, Melancon, Cobb, Brinkley, Archer, Turner, Corbell, and Walters.

*Timothy Davis Fox,* for the City appellees.

RAY THORNTON, Justice. This is an appeal of a chancellor's order granting defendant-appellees' motion for summary judgment in an illegal-exaction case. Appellant Michael Dean contends that when an ordinance of the county quorum court states a specific purpose for the tax proceeds, and the voters pass that ordinance, the State is precluded from distributing the proceeds to the county and cities of that county pursuant to the statutory per capita-distribution formula. The chancellor's order granted summary judgment to less than all the defendants without making an express determination that there was no just reason to delay an appeal. As a result, the order is not final under the provisions of Ark. R. Civ. P. 54(b), and we do not have jurisdiction. We therefore dismiss the appeal without prejudice.

Dean filed suit against the State of Arkansas and sixteen other defendants in their official capacity. Eleven of the defendants were officials of Sevier County and five were officials of the cities of that county. The chancellor's order granted summary judgment only to the State and County defendants.

To be appealable, an order must be final. Ark. R. App. P.—Civil 2. The finality of a trial court's judgment is governed by Ark. R. Civ. P. 54(b), which provides that a trial court may direct entry of final judgment as to fewer than all the parties to a multiparty suit, as long as the court expressly determines, with factual findings, that there is no just reason to delay the appeal. In

the absence of this determination and findings, an order is not final when it "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." *Id.* The underlying policy of this rule is to avoid piecemeal appeals. *General Motors Acceptance Corp. v. Eubanks*, 318 Ark. 640, 646, 887 S.W.2d 292, 295 (1994). The appellants carry the burden of producing a record on appeal that shows the jurisdictional requirements of the rule have been met. *Cortese v. Atlantic Richfield*, 317 Ark. 207, 209, 876 S.W.2d 581, 582 (1994).

■ Dean did not produce a record showing that the jurisdictional requirements of Rule 54(b) have been met. The City defendants did not join in the motion for summary judgment, and we could find nothing in the abstract or the record to reflect some final action as to them. Without Rule 54(b) findings, we simply do not know what issues remain to be resolved. In fact, the City defendants raise an unresolved issue in their brief to this court. In their brief, the City defendants argue that "[t]he voluntary payment rule prevents the refund of taxes paid prior [to the time] when the City appellees were named in the second amended complaint as parties to this action." In addition, during oral argument, counsel for these defendants stated, that despite his desire to see this court decide the case on its merits, there were several issues yet to be resolved. These statements illustrate the very harms that this rule seeks to avoid. Were we to decide this case on its merits, the City defendants could have cause to bring another appeal. Despite the desires of all the parties to have this case decided on its merits, we cannot waive subject-matter jurisdiction. *Skelton v. City of Atkins*, 317 Ark. 28, 30-31, 875 S.W.2d 504, 506 (1994) (citing *Hilburn v. First State Bank*, 259 Ark. 569, 535 S.W.2d 810 (1976). We therefore dismiss without prejudice. *Kinkead v. Spillers*, 327 Ark. 552, 555, 940 S.W.2d 437, 439 (1997).