Carol J. HODGES *v.* Mike HUCKABEE
and Tom Dalton

97-1034                                             968 S.W.2d 619

Supreme Court of Arkansas
Opinion delivered May 14, 1998

*J. Fred Hart, Jr.*, for appellant.

*Breck Hopkins* and *Frank J. Wills, III*, for appellee Tom Dalton.

*Wright, Lindsey & Jennings*, by: *Bettina E. Brownstein*; and *Priscilla J. Smith*, for intervenor-appellees Little Rock Family Planning Services, P.A., and Curtis E. Stover, M.D.

ROBERT L. BROWN, Justice. The issues before this court on appeal are whether the trial court erred in concluding that a federal district court order preempted Amendment 68 of the Arkansas Constitution and further erred in denying appellant Carol J. Hodges's motion for a new trial to overturn an order of summary judgment when material questions of fact allegedly were at issue. Because the abstract and record in this case are silent on the disposition of Hodges's complaint against appellee, Governor Mike Huckabee, we dismiss this appeal without prejudice pursuant to Arkansas Rule of Civil Procedure 54(b).

This appeal concerns the use of public funds to pay for abortions under the Medicaid program (Title XIX of the Social Security Act of 1965) in cases of rape and incest. On July 29, 1994, Hodges filed her complaint for injunctive relief against former Governor Jim Guy Tucker[1] and appellee Tom Dalton, then Director of the Arkansas Department of Human Services (DHS), in their official capacities. Hodges sought an order mandating that Governor Tucker and Dalton terminate Arkansas's participation in the federal Medicaid program because under the Medicaid program, public funds were required to be expended to pay for abortions in cases of rape and incest. According to Hodges's complaint, this constituted an illegal exaction under Ark. Const.

---

[1] On its own motion, the trial court subsequently substituted Governor Tucker's successor, Governor Mike Huckabee, as the proper party.

art. 16, § 13, because public funds were being used to pay for abortions other than to save the life of the mother which was in contravention of Amendment 68.

On September 1, 1994, Hodges moved for summary judgment and asserted that no genuine issue of material fact existed because the defendants had admitted that public funds were being used by certain agencies to pay for abortions in cases of rape and incest.

On September 11, 1996, Dalton moved for summary judgment on the basis that Amendment 68 was not an obstacle to state funding of abortions in cases of rape or incest due to the federal district court's August 9, 1996 order on remand following the Supreme Court's decision in *Dalton v. Little Rock Family Planning Services*, 516 U.S. 474 (1996) (per curiam); and, secondly, because the State had not expended public funds to provide for abortions in cases of rape or incest. Rather, according to Dalton, a private trust, the Arkansas Medicaid Saving Trust (Medicaid Trust), had been created for this purpose on August 19, 1996, and was being privately funded. According to the affidavit of Ray Hanley, DHS's Assistant Director for Medical Services, which was attached in support of Dalton's motion, the privately-funded Medicaid Trust was to remain in effect until either a state court determination that Amendment 68 was not a bar to Medicaid funding of abortions in cases of rape or incest or until Amendment 68 was amended or repealed by a vote of the people to avoid any conflict with federal Medicaid laws. Both Hanley and Dalton averred in affidavits attached in support of the Dalton motion that no public funds had been used in Arkansas to reimburse the cost of abortions in cases of rape or incest.

On September 16, 1996, intervenors-appellees Little Rock Family Planning Services, P.A., and Curtis E. Stover, M.D. (jointly referred to as Family Planning), moved for summary judgment as a matter of law on the theory that Amendment 68 did not bar Arkansas's participation in the Medicaid program. Family Planning contended that the federal district court's August 9, 1996 order enjoined the operation of Amendment 68 to the extent it conflicted with federal law following the United States Supreme

Court decision in *Dalton v. Little Rock Family Planning Services, supra.* That decision mandated public funds to be used for abortions in cases of rape and incest, according to both Dalton and Family Planning.

Hodges responded to the motions and contended that the motions should be denied because the United States Supreme Court had reversed the decision of the Eighth Circuit Court of Appeals, which had affirmed the federal district court's blanket invalidation of Amendment 68. *See Dalton v. Little Rock Family Planning Services*, 516 U.S. 474 (1996) (per curiam), *rev'g Little Rock Family Planning Services, P.A. v. Dalton*, 60 F.3d 497 (8th Cir. 1995). Under Hodges's theory, the Supreme Court's decision in *Dalton* mandated Arkansas's removal from voluntary participation in the federal Medicaid program so as to give full effect to Amendment 68. In addition, she contended that material issues of fact surrounded the creation of the Medicaid Trust.

On February 10, 1997, the trial court entered an order of summary judgment granting the motions of Dalton and Family Planning. In that order, the court determined (1) that Dalton and Family Planning were entitled to judgment based on the federal district court's August 9, 1996 order, which only partially preempted Amendment 68, and (2) that Hodges failed to create an issue of fact with respect to whether the state executive branch or public funds were involved in the privately funded Medicaid Trust. Furthermore, according to the court, executive branch involvement did not present an issue of material fact because Amendment 68 proscribed only the public *funding* of abortions.

On February 19, 1997, Hodges moved for a new trial and contended that the chancery court's decision was clearly contrary to the preponderance of the evidence and the law and attached a February 16, 1997 article from the *Arkansas Democrat-Gazette* entitled "Abortion Issue Now Seems Void," which, she maintained, showed that Governor Huckabee's administration was instrumental in creating the Medicaid Trust. Hodges did not get a ruling on her new trial motion, which was deemed denied thirty days later on March 23, 1997. Hodges then filed her notice of appeal.

The problem with this appeal, as has already been noted, is the unresolved claim of Hodges against Governor Huckabee, which from all appearances, remains in effect. Our Rule of Civil Procedure 54(b) provides in part:

> In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

■ ■ We have said many times that the failure to comply with Rule 54(b) and adjudicate all claims against all parties is jurisdictional and renders the matter not final for purposes of appeal. *See, e.g., Richardson v. Rodgers,* 329 Ark. 402, 947 S.W.2d 778 (1997); *Tucker v. Lake View Sch. Dist. No. 25,* 323 Ark. 693, 917 S.W.2d 530 (1996); State *Farm Mut. Auto Ins. Co. v. Thomas,* 312 Ark. 429, 850 S.W.2d 4 (1993). Because a violation of Rule 54(b) relates to the subject-matter jurisdiction of this court, we must raise the issue on our own. *Richardson v. Rodgers, supra; Tucker v. Lake View Sch. Dist. No. 25, supra; Reeves v. Hinkle,* 321 Ark. 28, 899 S.W.2d 841 (1995); *Cortese v. Atlantic Richfield,* 317 Ark. 207, 876 S.W.2d 581 (1994). Subject-matter jurisdiction cannot be waived by the parties or by this court. *Dean v. Tallman,* 331 Ark. 127, 959 S.W.2d 41 (1997).

The February 10, 1997 order entered by the trial court does not mention Hodges's complaint against Governor Huckabee, and neither the abstract nor the record reflects that the governor joined the motions for summary judgment filed by Dalton or Family Planning. In a similar case, this court recently held that dismissal of an appeal was appropriate when all defendants were not granted summary judgment, leaving claims against certain defendants still pending. *See Dean v. Tallman, supra.* In *Dean,* the precise defect in the appeal was that certain city defendants had not joined the summary-judgment motions filed by the state and county defendants. Disposition of the state and county motions left the city claims unresolved, and we deemed dismissal of the appeal to be required. *Id.*

We do observe that there is a "phantom" reference in the abstract and record to an unnamed defendant's motion to dismiss that was declared moot by the trial court in its summary-judgment order. No other information about this motion to dismiss is disclosed in either the abstract or record, including any information about whether Governor Huckabee was the defendant involved. Again, the summary-judgment order is silent as to Governor Huckabee, who, Hodges maintains throughout, is an important defendant because of his status as the state's chief executive officer.

In sum, though the trial court and the parties may have intended to conclude the lawsuit by the summary-judgment order, the trial court's order fails to dispose of Hodges's complaint against Governor Huckabee. Moreover, it does not include a proper certification of the appeal to this court on the basis that there is no just reason for delay, even though fewer than all the claims have been resolved. *See* Ark. R. Civ. P. 54(b). This court has made it clear that the fundamental policy behind Rule 54(b) is to avoid piecemeal appeals. *Cortese v. Atlantic Richfield, supra.* Accordingly, we dismiss this appeal without prejudice.

In holding that the summary-judgment order is not a final, appealable order under Rule 54(b), we take no position on the merits of Hodges's claim against Governor Huckabee. Absent a final court order deciding that claim, we simply will not speculate on the status of Hodges's complaint against Governor Huckabee or assume that the summary-judgment order effectively resolves it as well.

Appeal dismissed without prejudice.