Sherry Lou HENDERSON *v.* LITTLE ROCK SCHOOL DISTRICT and Dr. Don Roberts, Superintendent, In His Official Capacity and Linda Pondexter, President, Dr. Katherine Mitchell, Michael Daugherty, Judy Magness, John A. Riggs, IV, Patricia Gee and Susan Strickland, In Their Official Capacity As Members of the Little Rock School District Board of Directors

97-990                                                        969 S.W.2d 662

Supreme Court of Arkansas
Opinion delivered June 4, 1998

*Vincent C. Henderson, II*, for appellant.

*Friday, Eldredge & Clark*, by: *Christopher J. Heller* and *Daniel L. Herrington*, for appellees.

ROBERT L. BROWN, Justice. This appeal arises out of appellant Sherry Lou Henderson's employment with the appellee Little Rock School District as a fine arts-music teacher. Henderson was transferred from Central High School to Woodruff Elementary School and Geyer Springs Elementary School following the 1993/94 school year. She filed a grievance regarding this transfer. She was then transferred or assigned to teach music at Mablevale Elementary School by letter dated August 12, 1996, signed by Brady Gadberry, Director of Labor Relations for the School District. She was advised in that letter that her failure to report to work would be considered an abandonment of the job. Henderson contested Gadberry's authority to transfer her and did not report to work. The School District treated this as a resignation.

On October 11, 1996, Henderson filed an amended petition with the circuit court and prayed for a writ of mandamus and declaration reinstating her and automatically renewing her contract for the 1996/97 school year under the Teacher Fair Dismissal Act. She specifically sought assignment and transfer to Parkview High School under the School District's Professional Negotiations Agreement. She further sought additional salary for the 1994/95,

1995/96, and 1996/97 school years due to additional college hours earned beyond her Master's degree.

The circuit court granted summary judgment in favor of the School District and appellee Little Rock School District Board Members. However, in doing so the circuit court added the following footnote to the judgment:

> Finally, Petitioner argues that she is entitled to additional compensation under the PNA because she had earned additional college credits after she obtained her Master's degree. *See* ¶¶ 32-37 of Petition and Complaint. This issue is not before the Court on the present motion, and Petitioner may pursue this issue if she gives notice to the Court and opposing counsel.

At oral argument before this court, counsel for the parties stated that this issue noted in the footnote remains unresolved.

Henderson now appeals and questions the authority of Brady Gadberry to assign or transfer her to Mablevale Elementary School and raises other issues as well. We must dismiss this appeal without prejudice due to a violation of Rule 54(b) of our Rules of Civil Procedure.

Rule 54(b) states in pertinent part that any decision which adjudicates fewer than all of the claims of the parties shall not terminate the matter regarding *any* of the claims of the parties. We recently presented a synopsis of our law relating to Rule 54(b) in *Hodges v. Huckabee*, 333 Ark. 247, 968 S.W.2d 619 (1998):

> We have said many times that the failure to comply with Rule 54(b) and adjudicate all claims against all parties is jurisdictional and renders the matter not final for purposes of appeal. *See, e.g., Richardson v. Rodgers*, 329 Ark. 402, 947 S.W.2d 778 (1997); *Tucker v. Lake View Sch. Dist. No. 25*, 323 Ark. 693, 917 S.W.2d 530 (1996); State *Farm Mut. Auto Ins. Co. v. Thomas*, 312 Ark. 429, 850 S.W.2d 4 (1993). Because a violation of Rule 54(b) relates to the subject-matter jurisdiction of this court, we must raise the issue on our own. *Richardson v. Rodgers, supra; Tucker v. Lake View Sch. Dist. No. 25, supra; Reeves v. Hinkle*, 321 Ark. 28, 899 S.W.2d 841 (1995); *Cortese v. Atlantic Richfield*, 317 Ark. 207, 876 S.W.2d 581 (1994). Subject-matter jurisdiction cannot be waived by the parties or by this court. *Dean v. Tallman*, 331 Ark. 127, 959 S.W.2d 41 (1997).

*Hodges*, 333 Ark. at 251, 968 S.W.2d at 621.

There is no question but that an issue raised by Henderson in her complaint relating to back pay remains to be decided. Hence, the violation of Rule 54(b) deprives this court of subject-matter jurisdiction. Moreover, the circuit court did not certify this appeal to our court under Rule 54(b) on the basis that there was no just reason to delay this appeal, even though one issue remained to be resolved. We do not countenance piecemeal appeals. *Hodges v. Huckabee, supra; Cortese v. Atlantic Richfield*, 317 Ark. 207, 876 S.W.2d 581 (1994).

Appeal dismissed without prejudice.

NEWBERN and IMBER, JJ., not participating.

Special Associate Justice RANDOLPH BALTZ joins in this opinion.

Special Associate Justice DANIEL D. IVES joins in this opinion.