Charles HAMBAY, Cecilia Dotson, Kathryn Keeland, Cliff Bartlett, Martha Doss, and Fred Sinroll *v.* Carolyn WILLIAMS, Phillip Jackson, Kay Phillips, Cindy Vowell, and Shirley Dos, In Their Official Capacities as Assessor, County Judge, Collector, Treasurer, and Clerk for Carroll County, Arkansas; County of Carroll, Arkansas; and Jimmie Lou Fisher, Arkansas State Treasurer

98-30 980 S.W.2d 263

Supreme Court of Arkansas
Opinion delivered December 10, 1998

*Oscar Stilley*, for appellants.

*Winston Bryant*, Att'y Gen., by: *Shirley E. Guntharp*, Deputy Att'y Gen., for appellee.

*The Nixon Law Firm*, by: *David G. Nixon* and *Michael D. Holland*, for *amicus curiae* Richard M. Mayes, Leland S. Matlock, Frances J. Matlock, Joseph M. Hart, Cheryl L. Hart, and Lawrence Timmons.

ROBERT L. BROWN, Justice. The appellants, Charles Hambay and others (collectively referred to as Hambay), appeal from an order of dismissal and summary judgment. They raise multiple issues on appeal: (1) that the chancery court erred in dismissing the illegal-exaction suit for lack of subject-matter jurisdiction in light of this court's decision in *Hoyle v. Faucher*, 334 Ark. 529, 975 S.W.2d 843 (1998); (2) that the chancery court erred in granting summary judgment in favor of the appellees (various county officials and the State Treasurer, collectively referred to as the County); (3) that the chancery court erred in dismissing Count II of Hambay's complaint for lack of subject-matter jurisdiction; and (4) that the chancery court erred in prematurely cutting off discovery. Because we hold that the chancery court did not decide all of the issues raised by Hambay's complaint, we dismiss this appeal without prejudice to refile it due to failure to comply with Ark. R. Civ. P. 54(b).

On April 30, 1997, Hambay filed his complaint on behalf of a class of taxpayers in Carroll County. He alleged that the County had reappraised its real property countywide pursuant to Act 758 of 1995 without complying with the rollback provisions of

Amendment 59 of the Arkansas Constitution. The County answered and then moved for summary judgment on the basis that the reappraisal was done pursuant to Act 153 of 1955, now codified at Ark. Code Ann. § 26-26-304 (Repl. 1997), and not Act 758. The County attached an affidavit from the County Assessor, Carolyn Williams, establishing that fact. The County also moved to dismiss the complaint under Ark. R. Civ. P. 12(b)(2) on grounds that Hambay was challenging a tax-collection scheme and not an illegal tax. According to the County, under *Pockrus v. Bella Vista Village Property Owners Ass'n*, 316 Ark. 468, 872 S.W.2d 416 (1994), subject-matter jurisdiction for improper collection of county taxes is in county court.

On August 4, 1997, Hambay filed a second amended complaint where he added a Count Two. Count Two contested the General Assembly's enactment of Act 916 of 1995 because the purpose of the original bill (House Bill 1739) changed over the course of the legislation in violation of Ark. Const. art. 5, § 21. Act 916, as passed, added a 10 percent income tax surcharge for residents of counties that had not approved a tax of 25 mills for maintenance and operation of the public schools. It was also alleged in Count Two that this tax was not approved by the qualified electors, as required by Ark. Const. art. 5, § 38. In 1996, the people of Arkansas adopted Amendment 74 to the Arkansas Constitution, which fixed a minimum maintenance and operation tax of 25 mills for the public schools in each county. According to Count Two, Act 916 impermissibly pressured the Arkansas voters to approve Amendment 74 and, thus, deprived the voters of their free will. Hambay prayed that Amendment 74 be declared a nullity.

On September 3, 1997, the chancery court entered its order, first finding that it lacked subject-matter jurisdiction over Hambay's complaint and then entering summary judgment in favor of the county for the reason that the reappraisal was done under Act 153 of 1955 and not Act 758 of 1995. The order stated:

> (1) The Amended Complaint is hereby dismissed per Rule 12(b)(2) Arkansas Rules of Civil Procedure as to the issue challenging the reassessment and tax collection scheme used by Car-

roll County, Arkansas. The Supreme Court of Arkansas stated in *Pockrus v. Bella Vista Property Owners Association,* 3116 (sic) Ark. 468, 872 S.W.2d 416 (1994) that the Chancery Court is without subject matter jurisdiction.[1] Proper jurisdiction as to all matters relating to County taxes is exclusive to the County Court.

(2) The Motion for Summary Judgment filed by the defendants is granted per Rule 56 of the Arkansas Rules of Civil Procedure. The undisputed fact as recited in the affidavit filed by Carolyn Williams, Carroll County Assessor, is that the latest assessment was performed pursuant to Act 153 of 1955 as amended, codified as A.C.A. 26-26-304 and not done pursuant to Act 758 of 1995. Therefore, the plaintiff's challenge of the constitutionality of Act 758 of 1995 does not present a justiciable controversy between the named plaintiffs and defendants.

 Under Rule 54(b), an order is not final when it "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Our general law regarding Rule 54(b) violations was recently set forth in *Hodges v. Huckabee,* 333 Ark. 247, 968 S.W.2d 619 (1998):

> We have said many times that the failure to comply with Rule 54(b) and adjudicate all claims against all parties is jurisdictional and renders the matter not final for purposes of appeal. *See, e.g., Richardson v. Rodgers,* 329 Ark. 402, 947 S.W.2d 778 (1997); *Tucker v. Lake View Sch. Dist. No. 25,* 323 Ark. 693, 917 S.W.2d 530 (1996); *State Farm Mut. Auto Ins. Co. v. Thomas,* 312 Ark. 429, 850 S.W.2d 4 (1993). Because a violation of Rule 54(b) relates to the subject-matter jurisdiction of this court, we must raise the issue on our own. *Richardson v. Rodgers, supra; Tucker v. Lake View Sch. Dist. No. 25, supra; Reeves v. Hinkle,* 321 Ark. 28, 899 S.W.2d 841 (1995); *Cortese v. Atlantic Richfield,* 317 Ark. 207, 876 S.W.2d 581 (1994). Subject-matter jurisdiction cannot be waived by the parties or by this court. *Dean v. Tallman,* 331 Ark. 127, 959 S.W.2d 41 (1997).

*Hodges,* 333 Ark. at 251, 968 S.W.2d at 621.

---

[1] Correct citation is *Pockrus v. Bella Vista Property Owners Association,* 316 Ark. 468, 872 S.W.2d 416 (1994).

We do not reach the question of whether the chancery court could determine that it lacked subject-matter jurisdiction and then address the merits, because we believe it is clear that the chancery court did not address Count Two of Hambay's complaint. Paragraphs 1 and 2 of the Order manifestly deal with the reassessment scheme used by the County and the question of which Act provided the authority for the reassessment. The issues under Count Two relating to Act 916 and Amendment 74 are simply not addressed, and they clearly allege an illegal exaction of a different stripe. This court has made it clear that the policy behind Rule 54(b) is to avoid piecemeal appeals. *See Hodges v. Huckabee, supra; Cortese v. Atlantic Richfield*, 317 Ark. 207, 876 S.W.2d 581 (1994).

Because Count Two has not been resolved, we dismiss this appeal for lack of finality without prejudice to refile at a later time.

Appeal dismissed.

IMBER, J., not participating.