Charles HAMBAY, et al. *v.* Carolyn WILLIAMS, et al.

07-1026                                                    285 S.W.3d 239

Supreme Court of Arkansas
Opinion delivered May 29, 2008

*Hirsch Law Firm, P.A.*, by: *E. Kent Hirsch*; and *The Evans Law Firm, P.A.*, by: *Marshall Dale Evans*, for appellants.

*Robert T. Rogers, II*, Carroll County Prosecutor, by: *Robert T. Rogers, II*, and *Jenni A. Cook*, for appellees.

TOM GLAZE, Justice. The appellants (collectively, Hambay) filed a complaint on behalf of the taxpayers of Carroll County on April 30, 1997, alleging that the appellees in their official capacities had reappraised county real property under Act 758 of 1995 without complying with the rollback provisions of amendment 59 of the Arkansas Constitution. Specifically, Hambay alleged that taxation of part but less than all of the property of a county at a higher reassessed value was illegal.

The appellees filed a motion to dismiss the complaint under Ark. R. Civ. P. 12(b), asserting that the appellants' claim challenged a tax collection scheme, not an illegal tax, and county courts have exclusive subject-matter jurisdiction over actions for the improper collection of county taxes. The appellees also petitioned the chancery court for summary judgment on the basis that the reappraisal was specifically made under Act 153 of 1955 rather than Act 758.[1]

On August 4, 1997, Hambay filed a second amended complaint that added "Count II," challenging the enactment of Act 916 of 1995 by alleging that the purpose of the original bill had changed during the legislative process so as to violate article 5, § 21 of the Arkansas Constitution.[2] Hambay argued that Act 916 was not approved by qualified electors under the Arkansas Constitution, and that the result of Act 916 was to pressure Arkansas voters to approve amendment 74, which required that counties have at least a 25-mill tax for the maintenance and operation of public schools. According to Hambay, Arkansas voters were deprived of their free will in approving the millage requirement of amendment 74, and, therefore, the amendment should be declared null.

The chancery court determined that it lacked subject-matter jurisdiction over the action and issued an order that granted the appellees' motion to dismiss in an order issued on September 3, 1997. The order also granted the appellees' motion for summary judgment because it was undisputed that the Carroll County reappraisal was conducted under the provisions of Act 153 of 1955, rather that Act 758 of 1995 as Hambay had pled and argued. Hambay appealed and this court dismissed the case under Ark. R. Civ. P. 54(b) because the chancery court's order did not address Hambay's Count II claim as to Act 916 and amendment 74. *Hambay v. Williams*, 335 Ark. 352, 980 S.W.2d 263 (1998).

Following a hearing, the Carroll County Circuit Court issued a final order on June 29, 2007, affirming the previous rulings

---

[1] Act 153 of 1955 is codified at Ark. Code Ann. § 26-26-304 (Supp. 2007). Act 758 of 1995 was codified at Ark. Code Ann. § 26-26-305 (Repl. 1997), but was repealed by Act 836 of 1997. *See Worth v. City of Rogers*, 341 Ark. 12, 14 S.W.3d 471 (2000).

[2] Act 916 added a 10 percent income tax surcharge for residents of counties that had not approved a tax of 25 mills for the maintenance and operation of county public schools.

that dismissed Hambay's complaint under Ark. R. Civ. P 12(b) for lack of subject-matter jurisdiction, and that granted summary judgment. The circuit court then held that Hambay's Count II claim regarding Act 916 and amendment 74 was barred by res judicata because of this court's decision in *Barclay v. Melton*, 339 Ark. 362, 5 S.W.3d 457 (1999), striking down Act 916 of 1995 because it had been so altered as to change its original purpose in violation of article 5, § 21 of the Arkansas Constitution. Further, the circuit court held that Hambay's claim regarding the unconstitutionality of Act 916 was moot because of the voters' approval of amendment 74, and because the appellants had voluntarily paid the taxes, rather than paid them under protest. Finally, the circuit court held that because there was a lack of a class certification order in the file, the remaining plaintiffs were limited to parties named in the complaint.

Hambay does not challenge the circuit court's dismissal of Count II regarding Act 916 and amendment 74; however, Hambay argues that the trial court erred by: (1) granting summary judgment in favor of Carroll County; (2) refusing to accept jurisdiction; (3) denying class status; and (4) requiring that the taxes be paid under protest. In our previous review of this case, we noted that there was a "question of whether the chancery court could determine that it lacked subject-matter jurisdiction and then address the merits." *Hambay*, 335 Ark. at 356, 980 S.W.2d at 265. As already noted above, we did not address that issue because of the lack of a final order. The primary question for us now is whether the chancery court (and subsequently, the circuit court) had subject-matter jurisdiction over the claim; "[w]hen the trial court lacks subject-matter jurisdiction, the appellate court also lacks subject-matter jurisdiction." *Koonce v. Mitchell*, 341 Ark. 716, 719, 19 S.W.3d 603, 605-06 (2000).

Like the present case, in *Pockrus v. Bella Vista Property Owners Association*, 316 Ark. 468, 872 S.W.2d 416 (1994), a suit was filed alleging that the collection of taxes based on a county cyclical reassessment plan was illegal, and the plaintiffs sought to enjoin the collection of the ad valorem taxes. The chancery court granted the relief sought, finding that the cyclical reassessment plan violated amendment 59. On appeal, the *Pockrus* court stated that "[w]hile we would like to reach the merits of the trial court's ruling, we find it impossible to do so because that court had no subject-matter

jurisdiction of this matter." *Id.* at 471, 872 S.W.2d at 417. The *Pockrus* court further noted that it is "settled law that county courts have exclusive jurisdiction in all matters relating to county taxes." *Id.* at 471, 872 S.W.2d at 418 (citing *McIntosh v. Sw. Truck Sales,* 304 Ark. 224, 800 S.W.2d 431 (1990); Ark. Const. art. 7, § 28). Our court in *Pockrus* also pointed out that "this court has strictly adhered to the rule that, if the taxes complained of are not themselves illegal, a suit for illegal exaction will not lie," and that "a flaw in the assessment or collection procedure, no matter how serious from the taxpayer's point of view, does not make the exaction itself illegal." *Id.* at 472, 872 S.W.2d at 418. In addition, the *Pockrus* court found that the ad valorem taxes the plaintiffs there sought to enjoin were "unquestionably" authorized by law, and that the complaint "effectually questions only the reassessment procedure or plan employed by the county assessor and collector as being a flawed one." *Id.* Because the complaint only challenged the reassessment procedure or plan, the action did not involve a void or illegal tax assessment; the court reversed and dismissed the appeal because "the chancery court was without power to hear this matter." *Id.*

Such is the case in the present appeal. It is undisputed that the Carroll County reappraisal was conducted under the provisions of Act 153 of 1955, and Hambay never alleged that Act 153 was an illegal or unauthorized tax provision. Although some language in Hambay's complaint broadly stated that the taxes themselves were illegal, the specific allegations did not support that argument. Instead, the complaint asserted a claim against "the *collection* of taxes pursuant to provisions of Act 758 of 1995, set forth in ACA 26-26-305" and "the taxation of *part but less than all* of the property of a county at a higher reassessed value." Further, Hambay alleged the following:

> When there is a countywide reappraisal of property for ad valorem tax purposes which is conducted over a period of two or more years, fairness and equity demand that taxes not be assessed on the new appraised values of any property in the county until all property therein has been reappraised . . .

As in *Pockrus,* these arguments effectively allege that the reassessment and collection scheme used by Carroll County was an unconstitutional violation of amendment 59, and do not challenge an illegal tax. The taxes that are the subject of this action

are ad valorem taxes. Ad valorem taxes are legal in this state. *See* Ark. Const. art. 16, § 5; *Barker v. Frank*, 327 Ark. 589 (1997). "If the taxes complained of are not themselves illegal, a suit for illegal exaction will not lie." *Pockrus*, 316 Ark. at 472, 872 S.W.2d at 418. Accordingly, *Pockrus* controls and we affirm the trial court's dismissal of the action for lack of subject-matter jurisdiction. Further, as in *Pockrus*, because the trial court lacked subject-matter jurisdiction, this court may not address the merits and remaining issues of the claim; the appeal is dismissed without prejudice. *Weiss v. Johnson*, 331 Ark. 409, 961 S.W.2d 28 (1998) (in actions where the trial court lacked subject-matter jurisdiction, this court reverses [or affirms] and dismisses the case without prejudice).