SLIP OPINION

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-16-1122

NICK MURPHY

APPELLANT

V.

FNBC BANK F/K/A FIRST NATIONAL
BANKING COMPANY

APPELLEE

**OPINION DELIVERED:** OCTOBER 4, 2017

APPEAL FROM THE SHARP
COUNTY CIRCUIT COURT
[NO. 68CV-10-240]

HONORABLE HAROLD S. ERWIN,
JUDGE

APPEAL DISMISSED

## ROBERT J. GLADWIN, Judge

The Sharp County Circuit Court granted summary judgment to appellee FNBC Bank f/k/a First National Banking Company ("FNBC"), dismissing appellant Nick Murphy's claims against FNBC with prejudice. Murphy argues on appeal that the circuit court erred in granting summary judgment because genuine issues of material fact existed. However, we do not reach Murphy's claims because this court lacks jurisdiction. We recognize that we should have granted FNBC's motion to dismiss, which was filed with this court on February 8, 2017. However, the case is fully before us, and upon closer review of the motion and record, we are compelled to admit our mistake and dismiss the appeal because compliance with Rule 54(b) is a jurisdictional matter. Ark. R. Civ. P. 54(b) (2016); *Stratton v. Ark. State Hwy. Comm'n*, 323 Ark. 740, 917 S.W.2d 538 (1996). Because the order appealed from is not a final judgment and the Rule 54(b) certificate does not include

SLIP OPINION

the requisite specific factual findings that warrant "no just reason for delay," we dismiss the appeal.

Murphy filed a complaint against Wesley and Kathleen Austin on August 31, 2010, alleging that they had breached a partnership agreement with him by failing to account for the profits of their rental-property business. The complaint states, "Funds [from the rental-property business] were placed in a Partnership Account at FNB[.]" On March 10, 2014, Murphy filed an amended complaint for breach of contract, adding FNBC as a defendant. FNBC filed a motion to dismiss on May 8, 2014, claiming that Murphy had failed to state facts on which relief could be granted. *See* Ark. R. Civ. P. 12(b)(6) (2014). After a hearing, the circuit court denied the motion to dismiss by order filed March 9, 2015.

On May 9, 2015, FNBC filed a motion for summary judgment with an attached affidavit of Rebekah Guiltner. The circuit court granted summary judgment by order filed August 25, 2016, and dismissed FNBC with prejudice. On September 8, 2016, Murphy filed a notice of appeal, and on September 12, 2016, Murphy filed a motion for new trial and to vacate the summary-judgment order. On October 6, 2016, an amended order granting summary judgment and dismissing FNBC with prejudice was filed with an attached Rule 54(b) certificate that purports to allow an appeal of the circuit court's decision, even though Murphy's claims against the Austins have not been resolved. Rule 54(b) provides in part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, *supported by specific factual findings*, that there is no just reason for delay and upon an express direction for the entry of judgment. (Emphasis added.)

The Rule 54(b) certificate at issue states that the claims between Murphy and FNBC have been concluded by the summary-judgment order. However, the certificate gives no specific factual finding to support that "there is no just reason for delay" of the appeal. The certificate does not explain why the order dismissing FNBC should be appealed before the circuit court concludes Murphy's claims against the Austins. Accordingly, we dismiss for lack of jurisdiction.

Dismissed.

HARRISON and KLAPPENBACH, JJ., agree.

*Ronald S. Burnett, Jr.*, and *Joel G. Hargis*, for appellant.

*Quattlebaum, Grooms & Tull PLLC*, by: *E.B. Chiles IV*, for appellee.