## DALTON, DIRECTOR, ARKANSAS DEPARTMENT OF HUMAN SERVICES ET AL. *v.* LITTLE ROCK FAMILY PLANNING SERVICES ET AL.

No. 95–1025.   Decided March 18, 1996

PER CURIAM.

Respondents in this case are Medicaid providers and physicians who perform abortions in the State of Arkansas.   In November 1993, they filed suit against petitioners, who are Arkansas state officials, seeking injunctive and declaratory

relief with respect to Amendment 68 of the Arkansas Constitution, § 1 of which prohibits the use of state funds to pay for any abortion "except to save the mother's life." Their claim was that this provision is inconsistent with a requirement in Title XIX of the Social Security Act, 79 Stat. 343, as amended, 42 U. S. C. § 1396 *et seq.*, as affected by the 1994 version of the "Hyde Amendment," that States fund medically necessary abortions where the pregnancy resulted from an act of rape or incest.[1] The United States District Court for the Eastern District of Arkansas granted summary judgment for respondents and enjoined Amendment 68; the United States Court of Appeals for the Eighth Circuit affirmed. 60 F. 3d 497 (1995). Petitioners sought certiorari with respect to two aspects of the case: (1) the District Court's holding that "[u]nder the Hyde Amendment . . . federal law requires Arkansas and other states that participate in the federal Medicaid program to pay for abortions in cases where pregnancy is the result of rape or incest, as well as abortions to save the mother's life," 860 F. Supp. 609, 612 (1994), and (2) the District Court's enjoining of Amendment 68 "*in its entirety* for so long as the State of Arkansas accepts federal funds pursuant to the Medicaid Act," *id.*, at 628 (emphasis added).[2] We grant certiorari as to the second

---

[1] The 1994 Hyde Amendment, so named for its sponsor, Representative Henry Hyde of Illinois, was enacted as § 509 of the Department of Labor Appropriations Act, 1994, 107 Stat. 1082. Section 509 directs that "[n]one of the funds appropriated under this Act shall be expended for any abortion except when it is made known to the Federal entity or official to which funds are appropriated under this Act that such procedure is necessary to save the life of the mother or that the pregnancy is the result of an act of rape or incest." 107 Stat. 1113. The provision was reenacted unchanged for fiscal year 1995. See 108 Stat. 2539.

[2] Any uncertainty as to the scope of the District Court's injunction was erased by a subsequent order denying petitioners' motion for stay of judgment. The order declares that "Amendment 68 to the Arkansas Constitution directly conflicts with federal law (the 1994 Hyde Amendment) and is, therefore, null, void and of no effect." App. to Pet. for Cert. D–2. A footnote to this sentence states: "The Court apologizes for the redundancy,

of these questions. Accepting (without deciding) that the District Court's interpretation of the Hyde Amendment is correct, we reverse the decision below insofar as it affirms blanket invalidation of Amendment 68.

In a pre-emption case such as this, state law is displaced only "to the extent that it actually conflicts with federal law." *Pacific Gas & Elec. Co.* v. *State Energy Resources Conservation and Development Comm'n*, 461 U. S. 190, 204 (1983). See, *e. g., Gade* v. *National Solid Wastes Management Assn.*, 505 U. S. 88, 109 (1992); *Exxon Corp.* v. *Hunt*, 475 U. S. 355, 376 (1986). "[T]he rule [is] that a federal court should not extend its invalidation of a statute further than necessary to dispose of the case before it." *Brockett* v. *Spokane Arcades, Inc.*, 472 U. S. 491, 502 (1985).

Amendment 68 reads as follows:

> "§ 1. Public funding. No public funds will be used to pay for any abortion, except to save the mother's life.
>
> "§ 2. Public policy. The policy of Arkansas is to protect the life of every unborn child from conception until birth, to the extent permitted by the Federal Constitution.
>
> "§ 3. Effect of amendment. This amendment will not affect contraceptives or require an appropriation of public funds."

Section 1 of this provision is affected by the lower courts' interpretation of Title XIX and the 1994 Hyde Amendment only in cases where a Medicaid-eligible woman seeks to abort a pregnancy resulting from an act of rape or incest and the abortion is not necessary to save the woman's life. Respondents do not claim that any other possible application of § 1 is pre-empted by current federal law. It is entirely possible, for example, that § 1 would have application to state programs that receive no federal funding. As the District

but, apparently the Court's 35-page order rendered Monday, last, did not make this point clear." *Ibid.*

Court noted, the Arkansas Crime Victims Reparations Act, Ark. Code Ann. § 16–90–701 *et seq.* (Supp. 1995), established a program which provides compensation and assistance to victims of criminal acts within the State, including compensation for medical expenses, see § 16–90–703(7). Without the limitation imposed by Amendment 68, the program might have the authority to reimburse crime victims for abortions not necessary to save the life of the pregnant woman. Assuming the compensation program is entirely state funded, nothing in respondents' challenge to Amendment 68 suggests that the application of § 1 to the program would conflict with any federal statute. Because Amendment 68 was challenged only insofar as it conflicted with Title XIX, it was improper to enjoin its application to funding that does not involve the Medicaid program.

The District Court's injunction is overbroad in its temporal scope as well. The Hyde Amendment is not permanent legislation; it was enacted as part of the statute appropriating funds for certain Executive Departments for one fiscal year. While the versions of the Hyde Amendment applicable to the 1994 and 1995 fiscal years authorized the use of federal funds to pay for an abortion after notice that "such procedure is necessary to save the life of the mother or that the pregnancy is the result of an act of rape or incest," the version of the amendment applicable to prior years limited federal funding to those abortions necessary to save the life of the mother. See, *e. g.,* § 203, Department of Labor Appropriations Act, 1993, 106 Stat. 1811. Because this history identifies the possibility that a different version of the Hyde Amendment may be enacted in the future, it was improper for the District Court to enjoin enforcement of Amendment 68 "for so long as the State of Arkansas accepts federal funds pursuant to the Medicaid Act." 860 F. Supp., at 628. See *Planned Parenthood Affiliates of Michigan* v. *Engler,* 73 F. 3d 634, 641 (CA6 1996) (modifying injunction in similar case to "tak[e] into account the changeable nature of spending

bills in general, and the Hyde Amendment in particular, which in some years are very restrictive and in other years are less so").

The District Court's invalidation of §§ 2 and 3 of the amendment was based on the proposition that these sections "have no function independent of" § 1. 860 F. Supp., at 626. Even assuming that to be true, once § 1 is left with the substantial application that the Supremacy Clause fully allows, §§ 2 and 3 subsist as well.

We therefore reverse the decision of the Eighth Circuit insofar as it affirms the scope of the injunction, and remand for entry of an order enjoining the enforcement of Amendment 68 only to the extent that the amendment imposes obligations inconsistent with federal law.

*It is so ordered.*