**EVERGREEN SCHOOL DISTRICT,
Plaintiff,**

**v.**

**N.F., In the Matter of, Defendant.**

**No. 05–5067 FDB.**

United States District Court,
W.D. Washington.

May 4, 2005.

Lawrence B. Ransom, Tracy M Miller, Seattle, WA, for Plaintiff.

David B Girard, Seattle, WA, for Defendant.

**ORDER GRANTING MOTION TO REMAND, AND DENYING REQUEST FOR ATTORNEY'S FEES**

BURGESS, District Judge.

This matter is before the Court on the motion of Plaintiff Evergreen School District for an order to remand this action to the Superior Court of Washington for Clark County and awarding attorney's fees in bringing this motion, pursuant to 28 U.S.C. § 1447. Plaintiff sought to review a final administrative order pursuant to the Washington Administrative Procedures Act (RCW 34.05) and State special education law (RCW 28A.155); (WAC 392–172). Defendant parents removed the action to this Court under 28 U.S.C. § 1141(a) asserting the matter is a special education case arising under the Individuals with Disabilities Education Act 20 U.S.C. § 1400 et seq. ("IDEA").

Having considered the motion to remand, opposition, motion to remove, and the original petition for review, the Court finds for the reasons set forth herein, that Plaintiff's motion to remand this action is **GRANTED**, and Plaintiff's motion for attorney's fees and costs shall be **DENIED**.

**I.**

Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States. 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

■ A state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law, see *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Toumajian v. Frailey*, 135 F.3d 648, 654–55 (9th Cir.1998); (2) where the claim is necessarily federal in character, See *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998); or (3) where the right to relief depends on the resolution of a substantial, disputed federal question, see *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 814, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir.1996).

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and actual expenses including attorney fees. 28 U.S.C. § 1447(c).

**II.**

N.F. is a student residing in the Evergreen School District whose educational program had been the subject of administrative proceedings before the Washington Office of Administrative Hearings for the Washington Superintendent of Public Instruction ("OSPI").

The parents requested a special education due process hearing, pursuant to the IDEA, 28 U.S.C. § 1415(f) and 34 C.F.R. §§ 300.507 through §§ 300.510 alleging that the Evergreen School District failed to provide the student with a free appropriate public education (FAPE), failed to provide adequate related services, and failed to give adequate assistive tech-

nology during all four years of N.F's tenure as a high school student at Heritage High School.

On December 13, 2004, By Findings of Fact, Conclusions of Law and Order the ALJ agreed that Plaintiff had denied the student his right to a FAPE and ordered by way of compensatory education, that Plaintiff would have to pay for a vocational education program until the student's completing or until he turns age 22, whichever occurs first. Plaintiff was also ordered to pay for an assistive technology evaluation and pay for an FM hearing device.

On January 10, 2005, Plaintiff filed an action in Clark County Superior Court as an appeal of the administrative order, pursuant to the APA, and RCW 34.05.542. In the petition for redress, Plaintiff alleged that the ALJ had erroneously interpreted and applied the state education law; the order was contrary to the evidence submitted in the administrative due process hearing; issues were improperly considered that were untimely or lacked jurisdiction; and the ALJ's decision was "arbitrary and capricious." *Evergreen School District's Petition for Judicial Review*, at 3.

Unaware of Plaintiff's appeal, on January 12, 2005, Defendant, through his parents, filed an original action (Cause Number C05–5023 FDB) under the IDEA seeking review of a portion of the same final administrative decision. *Notice of Removal of Action*, at 3. On January 27, 2005, N.F. timely removed Plaintiff's state court action to this Court pursuant to 28 U.S.C. § 1441, and § 1446, asserting federal question jurisdiction under 28 U.S.C. § 1331 and the jurisdictional provisions of the Individuals with Disabilities Education Act (20 U.S.C. § 1415 et seq.)("IDEA") where Defendant alleged that the Plaintiff's claims, "couched in terms" of state law seek to overturn the ALJ order which are based upon rights established and guaranteed by the IDEA and the regulations adopted thereunder.

Plaintiff contends that remand of this case to state court is mandated because removal was procedurally improper when Defendant failed to obtain consent of the state agency respondents. Plaintiff also maintains that it has not asserted a federal claim in its petition, and consequently, there is no federal question jurisdiction.

### III.

### A. Procedural Defect in Removal

 Plaintiff maintains that the removal was improperly accomplished, as not all of the Defendants consented to the removal prior to the time at which the Notice of Removal was filed. See 28 U.S.C. § 1446(a); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir.1998) ("All defendants must join a notice of removal"); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 at n. 1. (9th Cir.1988); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir.1986).

Although Plaintiff served a notice of the petition for review to Defendant N.F., in addition to the Office of Administrative Hearings (OHA), the Office of the Superintendent of Public Instruction (OSPI), and the Office of the Attorney General (collectively "state agencies"), the original parties to the administrative hearings were merely N.F., as the petitioners, and the Evergreen School District, as the respondent. See *Findings of Fact, Conclusions, of Law and Order* at 1. The state agencies did not intervene, nor did they appear in any manner in any of the proceedings. Plaintiff does not seek any relief in its state court action of the state agencies, nor does there appear to be any grounds for the imposition of liability against them.

Contrarily, the state agencies are not proper defendants under § 1446, but rather are stakeholders to this action and as

such, at best are merely nominal parties to the proceeding. See *Pressman v. Meridian*, 334 F.Supp.2d 1236, 1241 (9th Cir. 2004) citing *Hewitt* at 1232–33 ("All defendants must join in a removal petition with the exception of nominal parties ... A defendant is a nominal party where his role is limited to that of a stakeholder or depositary"); *Colman v. Shimer*, 163 F.Supp. 347, 350 (W.D.Mich.1958) ("This excludes from consideration a resident defendant ... whose relation to the suit is merely incidental and to whom it is of no moment whether the one or the other side of the controversy succeeds."). Accordingly, Defendant was not required to have the consent of the Office of Administrative Hearings, the Attorney General's Office or the OSPI before removing the action to this Court.

## B. Federal Question Jurisdiction

### Artful pleading v. well-plead doctrine

In determining whether the complaint presents a federal question, we begin our analysis with a fundamental tenet of federal jurisdiction—the "well pleaded complaint rule". Generally, "the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California*, 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

On its face, Plaintiff's complaint does not state a claim that "arises under" federal law. Washington law creates the causes of action for special education and review of final administrative hearings under which Plaintiff has chosen to seek relief. See RCW 28A.155; RCW 34.05; RCW 34.12; 34 CFR 300 et. seq.; and WAC 392–172. Upon careful review of Plaintiff's petition, Plaintiff did not state a claim under the IDEA and does not make any reference to the constitution or the federal act. As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims. See *Caterpillar*, 482 U.S. at 399, 107 S.Ct. 2425; *Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 975 (9th Cir. 1993).

However, under the artful pleading rule "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd.*, 463 U.S. at 22, 103 S.Ct. 2841. Defendant maintains that all of the issues brought before the ALJ for consideration were based upon rights provided to N.F. by the IDEA, and asserts that the petition for review was artfully plead in an attempt to avoid any reference to the federal law that governs N.F.'s claims.

The rights provided to N.F.—whether he was denied a FAPE, whether he was educated in the least restrictive environment, and whether he received adequate transition planning—are also provided by state statutes and administrative codes. Washington's special education laws and administrative rights of review has concurrent jurisdiction to the Federal IDEA. Plaintiff's deliberate choice to plead only state claims does not warrant the allegation of "artful pleading." Accordingly, the well-plead complaint does not give rise to a federal question.

### Preemption

Preempted state law claims may be removed to federal court only in in-

stances where Congress has chosen to regulate the entire field. *Metropolitan Life,* 481 U.S. at 63–64, 107 S.Ct. 1542 (holding that ERISA completely preempts certain state law claims). The term "complete preemption" describes those cases in which federal law completely preempts state law and provides a federal remedy. *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1403 (9th Cir.1988); see also *Sullivan v. First Affiliated Sec.,* 813 F.2d 1368, 1372 (9th Cir.1987). Complete preemption is rare. *ARCO Envtl. Remediation, L.L.C., v. Dept. of Health and Envtl. Quality of the State of Montana,* 213 F.3d 1108, 1114 (9th Cir.2000). Unlike complete preemption, preemption that stems from a conflict between federal and state law ("conflict preemption") is a defense to a state law cause of action, and therefore, does not confer federal jurisdiction over the case. *Toumajian,* 135 F.3d at 655 (holding that because state law claims were not completely preempted by ERISA, federal court lacked removal jurisdiction).

■ Congress has not expressly preempted state statutes such as the one in question. It cannot be inferred that Congress wished to exclude state regulation, since the IDEA specifically contemplates an elaborate interrelation of state and federal regulation. *D.H. v. Ashford Bd. of Educ.,* 1 F.Supp.2d 154 (D.Conn. 1998). Conversely, there is a presumption against state legislation being found to conflict with an Act of Congress, such as the IDEA. See *E.P. Paup Co. v. Director, Office of Workers Compensation Programs,* 999 F.2d 1341, 1348 (9th Cir.1993). In this limited circumstance, the state law is only preempted to the extent it actually conflicts with federal law. See *Dalton v. Little Rock Family Planning Servs.,* 516 U.S. 474, 476, 116 S.Ct. 1063, 134 L.Ed.2d 115 (1996). Such conflict preemption however does not warrant complete removal, and is still governed by the well-pleaded

complaint rule. *Toumajian,* at 655 citing *Franchise Tax Bd.,* 463 U.S. at 23–27, 103 S.Ct. 2841 (holding that preemption under 1144(a) does not permit removal if the plaintiff's claim does not fall within the scope of 1132(a)).

Defendant alleges that a comparison of the rights and procedures under the IDEA and under the APA conclusively shows that the APA provides fewer rights to parents in special education than the IDEA and thus is preempted by it. Defendant would be correct had the APA exception not applied. The APA establishes the exclusive means of judicial review of agency action except, "to the extent that de novo review or jury trial review is expressly authorized by a provision of law." RCW 34.05.510(1). Washington's Special Education law falls within this exception.

Plaintiff's state claim is raised under the special education law. The state law provides protection to students and parents which are equal to their federal rights and affords the same standards of review pursuant to the IDEA. See WAC 392–172–020(1)(a) ("The purposes of this chapter are to implement chapter 28A.155 RCW consistent with the Individuals with Disabilities Education Act, 20 United States Code section 1400 et seq"); WAC 172–360(4) ("Nothing in this part restricts or limits the rights, procedures, and remedies available under the Constitution, Americans with Disabilities Act of 1990, Title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of special education students …"). Accordingly, the IDEA does not preempt the state statute, and Plaintiff's well-plead complaint does not arise under federal law.

**Related case pending in federal court**

As an alternative basis for maintaining the action in federal court, Defendant asserts that if Plaintiff's removed state court

petition is remanded, the Defendant's original federal court action will remain thus causing piecemeal litigation and judicial inefficiencies. The Court disagrees. In order to be removable, 28 U.S.C. § 1441(b) requires federal courts to have original jurisdiction over the action. As discussed supra, Plaintiff could have sought review of the administrative decision in federal court under the IDEA, however as master of its complaint, Plaintiff elected review strictly under common law. The face of the complaint does not allege an action that arises under federal jurisdiction, and no exception applies to Plaintiff's well-plead doctrine.

The mere existence of Defendant's pending federal court action does not in itself cause identical or similar state court action to become removable. See *Gardner v. Clark Oil & Refining Corp.*, 383 F.Supp. 151, 154 (E.D.Wis.1974) ("While some type of derivative jurisdiction may be conferred upon this court by virtue of prior pending litigation, such litigation will not confer 'original' jurisdiction on this court."); *North American Van Lines v. Coleman*, 633 F.Supp. 632, 633 (N.D.Ill.1986) ("Certainly the mere pendency of the unacted-upon consolidation motion in the state court does not make the present claim removable."). Accordingly, without original jurisdiction, Defendant's pendant action in this Court will not be enough to remove Plaintiff's state claim. Notwithstanding, in the interests of judicial economy, measures will be taken by this Court to ensure that remanding Plaintiff's petition does not result in piecemeal litigation to Defendant's pending federal claim.

## C. Attorneys Fees

 Plaintiff seeks an award of attorney's fees and costs for bringing this motion, pursuant to § 1447(c). An award of attorneys fees is within the wide discretion of the district court. *Moore v. Permanente Medical Grp. Inc.*, 981 F.2d 443, 448 (9th Cir.1992). Where an action is remanded to state court, an award of costs, including attorney's fees, is inappropriate where the defendant's attempt to remove the case to federal court was fairly supportable. *Schmitt v. Ins. Co. Of North America*, 845 F.2d 1546, 1552 (9th Cir. 1988).

Defendant's attempted removal was fairly supportable given the fact that Plaintiff's claims arose from events of an administrative hearing that Defendant had initiated under a federal law. Moreover, during the hearing, the ALJ applied court rulings of the IDEA as a basis for her final order, which is now being reviewed under Plaintiff's allegation that the ALJ's reasoning and interpretation of the laws (both federal and state) were erroneously applied. Additionally, the IDEA provides concurrent jurisdiction between state and federal law. The uncertainty surrounding IDEA preemption issues has been the precipitate of a series of often contradictory decisions. Finally, Defendant's pending action stemming under the same set of facts in federal court lends further support to the conclusion that Defendant had a supportable basis for removing the underlying action. Accordingly, the Court is declined to award Plaintiff attorney's fees and costs.

ACCORDINGLY,

IT IS ORDERED:

(1) Plaintiff's motion for remand (Dkt.# 5) is GRANTED;

(2) Plaintiff's request for attorney's fees and costs are DENIED; and

(3) The Clerk is directed to send a copy of this Order to the Clerk of the Superior Court of Washington for Clark County.