The Honorable Cecile Bledsoe State Senator
709 Sky Mountain Drive Rogers, Arkansas 72756
Dear Senator Bledsoe:
You have requested my opinion concerning Senate Bill 113 of 2011 (SB 113) in light of the new federal healthcare laws known collectively as the Patient Protection and Affordable Care Act of 2010 ("PPACA" or "the Act"). As background for your request, you state:
 Under the [PPACA], the State of Arkansas can opt out of abortion coverage. Consequently, I have sponsored [SB 113], which prohibits health insurance policies [offered through the insurance exchanges] from offering coverage for abortions except through a separate rider [from a policy offered outside the exchange]. Recently, an amendment[1] was filed which would alter the bill to include the health of mother, rape, and incest as circumstances for abortion.
With this background in mind, you ask two questions:
 1. Does the amendment make Senate Bill 113 of 2011 unconstitutional?
 2. Does the amendment nullify Amendment 68 of the Arkansas State Constitution? *Page 2 
RESPONSE
The PPACA permits each state to determine whether the private insurers participating in that state's exchange may offer policies that cover abortion services. This is the so-called "opt-out" provision in the PPACA. Senate Bill 113 (in both its original and amended versions) attempts to exercise this "opt-out." Amendment 68 — the provision in Arkansas's constitution that I assume you are referring to in your question — requires that no public funds be used to "pay for any abortion, except to save the mother's life." You seem to be concerned that Amendment 68 somehow renders amended SB 113 unconstitutional. As explained more fully below, this is not the case. Briefly stated, Amendment 68 prohibits the use of state moneys to fund abortions (except in the case of the mother's life). But neither version of SB 113 purports to appropriate state moneys to fund abortions. Additionally, unlike in the Medicaid context (with the federal Hyde Amendment) nothing in PPACA requires states to fund abortions of any kind. Therefore, the answer to your first question is "no," in my opinion.
As for your second question, a state statute can never "nullify" the state's constitution.
DISCUSSION
Question 1: Does the amendment make Senate Bill113 of 2011 unconstitutional?
PPACA specifically gives states the authority to "opt-out" of allowing any abortions services to be offered in the exchanges.[2]
Both versions of SB 113 are attempts to exercise this opt-out.[3]
Therefore, the PPACA authorizes states to do what both versions of SB 113 attempt to do: prohibit some abortion services from *Page 3 
being provided in the exchange while allowing others. Specifically, as you note, amended SB 113 would allow private insurers to offer policies through the exchange covering abortions in cases where the mother's life is in danger or where the pregnancy resulted from rape or incest.
Your question reflects a concern that amended SB 113 is unconstitutional under Amendment 68, which prohibits the use of "public funds" to "pay for any abortion, except to save the mother's life." By its terms, Amendment 68 does not have any bearing — one way or the other — on the kinds of abortion services that may be offered in a private insurance exchange. Instead, Amendment 68 only speaks to the funding of abortion services.[4] SB 113, however, deals with the kinds of services that may be offered by private insurance companies in the exchanges. It does not purport to allocate state funds to pay for any abortions. In short, the clear wording of Amendment 68 and SB 113 indicates that these measures deal with separate issues.
Given the lack of conflict between SB 113 and Amendment 68, there must be some other reason why you have questioned the constitutionality of amended SB 113. I suspect that the reason might arise from confusion about the requirements of federal law under PPACA and the Hyde Amendment.[5] But, as explained more below, the federal law in this context does not require states to fund abortions of any kind.[6] *Page 4 
The likely source of this confusion arises from the way state laws relate to federal laws in the Medicaid context. The U.S. Supreme Court has held that Amendment 68 is unconstitutionalwithin the context of current Medicaid laws.[7] This is because, as long as Arkansas accepts federal funds for Medicaid, it must accept the requirements of the Medicaid program.[8] And one of those requirements is that, pursuant to the current language of the Hyde Amendment, Arkansas contribute its share of state moneys for medical procedures that have been deemed "medically necessary."[9] Under the Hyde Amendment — and in the context of Medicaid — abortions are considered "medically necessary," and therefore eligible for state funds, if they are necessary to save the mother's life or if the pregnancy resulted from rape or incest.[10] So Amendment 68 would always block state funds from going to reimburse an abortion in the cases of rape or incest, whereas Medicaid obliged the state to contribute funds if the abortion was deemed to be medically necessary. The U.S. Supreme Court recognized this dilemma: either Arkansas had *Page 5 
to withdraw from the voluntary Medicaid program or Amendment 68 would be unconstitutional in the context of Medicaid.[11]
In contrast, PPACA does not place those same requirements on states.[12] There are several reasons for this. First, unlike Medicaid, PPACA does not require states to use state funds to pay for any kinds of abortions.[13] Second, unlike Medicaid, PPACA specifically indicates that it does not preempt any state laws that prohibit the funding of abortions, such as Amendment 68: "Nothing in this Act shall be construed to preempt or otherwise have any effect on State laws regarding the prohibition of (or requirement of) coverage, funding, or procedural requirements on abortions, including parental notification or consent for the performance of an abortion on a minor."[14] Thus, contrary to what may have prompted the concern regarding amended SB 113, federal law does not oblige Arkansas to fund abortions; and SB 113 does not "open the door," so to speak, to funding abortions allowed in the exchanges.
In sum, neither SB 113 nor federal law requires Arkansas to use its state funds to fund abortions of any kind. And because Amendment 68 is only dealing with the funding of abortions, SB 113 does not conflict with Amendment 68. Therefore, the answer to your question is "no."
Question 2: Does the amendment nullify Amendment 68 of theArkansas State Constitution?
No. Neither an Arkansas state statute nor an amendment thereto can "nullify" the Arkansas constitution. *Page 6 
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:RO/cyh
[1] You characterize this amendment as a "hostile amendment." For the sake of clarity, I will refer to the pre-amendment SB 113 and the post-amendment SB 113 as the "original SB 113" and the "amended SB 113," respectively. I will, however, sometimes refer to them collectively as "SB 113."
[2] PPACA § 1303; 42 U.S.C. § 10823(a)(1).
[3] Strictly speaking, both versions of SB 113 are "partial opt-outs," which PPACA implicitly permits. While no provision of PPACA expressly authorizes states to prohibit only some abortions but not others — i.e., a "partial opt-out" — a court would likely hold that the PPACA implicitly gives this authority to the states. This is because, by expressly granting states the authority to prohibit the whole, Congress has implicitly granted states the authority to prohibit only a part. This conclusion is further bolstered by the fact that the in toto grant is not accompanied by language that limits the states' ability to exclude only the whole.
[4] The other two sections in Amendment 68 are not self-executing.Knowlton v. Ward,318 Ark. 867, 875, 889 S.W.2d 721, 726 (1994); see also LittleRock Family Planning Services v. Dalton,860 F. Supp. 609, 626 (1994) ("Section 1 of Amendment 68 is the only section that has any independent force. . . ."),affirmed by Little Rock Family Planning Services,60 F.3d 497 (1995), overruled on other grounds by Dalton v.Little Rock Family Planning Services, 516 U.S. 474 (1995).
[5] The current Hyde Amendment can be found at PL111-8, 2009 HR 1105, Division F, Title V. The "Hyde Amendment" is the term used to describe a common "rider" that Congress attaches to the appropriations bill for the U.S. Department of Health and Human Services.
[6] With respect to the use of federal funds for abortions, the analysis is slightly different. PPACA includes provisions that give subsidies to those who cannot afford to buy insurance. Members of Congress debated whether policy holders who receive this subsidy should be allowed to use it toward the premium of an insurance policy that covers abortion. The PPACA allows the subsidy to be applied toward a policy that covers abortion services only if that abortion is needed to save the mother's life or if the pregnancy resulted from rape or incest. PPACA § 1303(b)(1)(B)(ii); 42 U.S.C. § (b)(1)(B)(ii). In all other cases, however, no federal funds may be spent on abortions. PPACA § 1303(b)(1)(B)(i); 42 U.S.C. § (b)(1)(B)(i). Further, if any qualified insurance plan offered in the exchange offers coverage of abortions for which federal funds are prohibited, then PPACA sets up an elaborate accounting procedure to ensure that the subsidy applied to the premium is not applied to pay for the abortion itself. PPACA § 1303(b)(2); 42 U.S.C. § (b)(2).
[7] Dalton, 516 U.S. at 477-48 (1995).
[8] Harris v. McRae, 448 U.S. 297, 308-09 (1980);Weaver v. Reagen, 886 F.2d 194, 196 (8th Cir.) ("Although a state's participation [in Medicaid] is voluntary, once a state chooses to participate in the program it must comply with federal statutory and regulatory requirements."); Hodges v. Huckabee,338 Ark. 454, 461, 995 S.W.2d 341, 346 (1999).
[9] Dalton, 860 F. Supp. 609 (1994), affirmed byLittle Rock Family Planning Services, 60 F.3d 497 (1995),overruled on other grounds by Dalton,516 U.S. 474 (1995).
[10] Dalton, 860 F. Supp. at 617-22. The current Hyde Amendment is essentially the same as the one examined inDalton. It restricts federal funding of any abortion, unless the abortion is necessary to save the mother's life or if the pregnancy resulted from rape or incest. PL111-8, 2009 HR 1105, Division F, Title V. It is important to note that because the Hyde Amendment is not permanent legislation, if, in the future, the Hyde Amendment were changed to provide federal funding of abortions only in cases of the life of the mother, Amendment 68 would not conflict with Medicaid. This point was made clear by the U.S. Supreme Court in Dalton,516 U.S. at 477-78.
[11] This dilemma was expressly stated by the federal district court in Dalton and implicitly agreed to by the U.S. Supreme Court. Dalton, 860 F. Supp. at 622-25;Dalton, 516 U.S. 474.
[12] And as both the U.S. Supreme Court and the Arkansas Supreme Court have held, Amendment 68 is still effective outside theMedicaid context. Dalton, 516 U.S. 474; Hodges v.Huckabee, 338 Ark. 454, 995 S.W.2d 341 (1999).
[13] Even in the Medicaid context, it is not the Hyde Amendment per se that requires Arkansas to fund abortions in cases of the mother's life or if the pregnancy resulted from rape or incest. Rather, the state funding requirement stems from the Hyde Amendment coupled with the Medicaid requirements of state funding for certain procedures.
[14] PPACA § 1303(c); 42 U.S.C. § 18023(c).